**Affirmed and Opinion Filed August 23, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00766-CV

## MICHAEL A. NASR, Appellant
## V.
## JOHN DAVID WHITEHEAD, Appellee

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-03670**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Garcia
Opinion by Justice Molberg

Appellant Michael A. Nasr appeals the trial court's June 4, 2020 order dismissing with prejudice his claims against appellee John David Whitehead. Nasr asks us to reverse and remand because (1) he was denied due process, (2) the order is void because he had withdrawn his consent to settle, and (3) the trial court lacked the authority to dismiss his claim. Because error was not preserved, we affirm the trial court's June 4, 2020 order of dismissal with prejudice in this memorandum opinion. *See* TEX. R. APP. P. 33.1, 47.4.

# I. BACKGROUND

Nasr and Whitehead are former domestic and business partners, according to Nasr's original petition.

Nasr sued Whitehead on March 14, 2019, asserting claims for breach of fiduciary duty, fraud by nondisclosure, and breach of two agreements—a company agreement involving a limited liability company he alleged the two formed, and an oral agreement regarding charges allegedly made on a joint credit card.[1] Whitehead answered, generally denied Nasr's claims, and asserted affirmative defenses.

The parties mediated their dispute on February 6, 2020, and reached an agreement. The two signed a memorandum of settlement on that date which stated, in part, that the parties agreed "to execute and deliver such additional agreements and documents as shall be necessary to carry out the purposes of this agreement."

On separate dates in March 2020,[2] the parties signed a settlement agreement which stated, in part, that "[t]he Parties agree to dismiss all their claims in this Litigation with prejudice."[3]

On April 24, 2020, Whitehead moved for entry of an order of dismissal with prejudice, stating that the parties reached an agreement to settle and compromise

---

[1] Nasr's original petition also alternatively alleged quantum meruit and unjust enrichment claims.

[2] Whitehead signed the settlement agreement on March 9, 2020; Nasr signed it ten days later. The settlement agreement stated that it "shall become effective on the last signature date set forth below or the last date of transmission, whichever is later."

[3] The settlement agreement defined "this Litigation" as the parties' outstanding claims against each other in the District Court of Dallas County, Texas, under Cause No. DC-19-03670, styled *Michael A. Nasr v. John David Whitehead*."

their differences in this lawsuit and attaching a copy of the memorandum of settlement and settlement agreement. The trial court signed an order of dismissal the same day.

A day earlier, Nasr had filed a second amended petition which removed all prior claims and added a new claim: a breach of contract claim based on Whitehead's alleged breach of the parties' settlement agreement.[4] That petition alleged that Whitehead breached the parties' settlement agreement by defaulting on a promissory note and by failing to take certain actions regarding the parties' business tax return.[5]

On May 12, 2020, two weeks after the court's April 24, 2020 order of dismissal, Nasr filed a motion to modify judgment, noting his recent filing of his second amended petition, attaching copies of the parties' settlement agreement and other documents, and arguing the trial court should vacate its April 24, 2020 order and reform it to exclude the dismissal of the claim in his second amended petition.

The following day, the trial court entered two orders, which together granted Nasr's motion and vacated and reformed the April 24, 2020 order of dismissal.

---

[4] Nasr's second amended petition stated, in part, "On February 6, 2020, the parties agreed to settle all claims and disputes between them, including those alleged in [Nasr's] Original Petition" and "[t]he parties memorialized the terms of their agreement in a separate settlement agreement" executed by the parties and approved by their attorneys.

[5] Specifically, Nasr alleged that, under the settlement agreement, Whitehead was required but failed to make an initial payment on the note by March 1, 2020, and was required but failed to take certain actions regarding the parties' business tax return by March 10, 2020.

–3–

Roughly three weeks later, on June 2, 2020, Whitehead filed a motion to reconsider, asking the trial court to reconsider the May 13, 2020 order reforming the order of dismissal and to dismiss the suit in its entirety. The trial court granted that motion, and on June 4, 2020, the court signed an order granting dismissal with prejudice—the order at issue here.

This appeal followed. On July 2, 2020, Nasr filed a notice of appeal and a motion to reconsider the order, arguing that the court improperly granted relief on claims not subject to the settlement agreement, namely his claims that Whitehead had breached the settlement agreement. The trial court did not rule on Nasr's motion to reconsider, and it was overruled by operation of law.[6]

## II. Issues and Analysis

In three issues, Nasr asks us to vacate or reverse the trial court's order of dismissal and to remand the case for further proceedings because (1) the trial court denied him due process by dismissing his petition absent notice or hearing, (2) the trial court's order is void because he withdrew his consent to settle, and (3) the trial court lacked the authority to dismiss his claim absent summary judgment or trial. Whitehead disputes those arguments and argues Nasr failed to preserve error on all three issues.

---

[6] *See* TEX. R. CIV. P. 329b(c), (g).

*Applicable Standards for Preservation of Error*

To preserve an issue for appeal, a party must make a timely, specific objection or motion in the trial court that states the grounds for the desired ruling with sufficient specificity to make the trial court aware of the complaint. *See* TEX. R. APP. P. 33.1(a) (stating prerequisites to presenting complaint for appellate review); *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993) ("As a rule, a claim, including a constitutional claim, must have been asserted in the trial court in order to be raised on appeal.") (citations omitted).

Also, "[t]o preserve error on appeal, a party's argument on appeal must comport with its argument in the trial court." *Knapp v. Wilson N. Jones Mem'l Hosp.*, 281 S.W.3d 163, 170 (Tex. App.—Dallas 2009, no pet.) (op. on reh'g) (citations omitted).

In a civil case, "the overruling by operation of law of a motion for new trial or a motion to modify the judgment preserves for appellate review a complaint properly made in the motion, unless taking evidence was necessary to properly present the complaint in the trial court." *See* TEX. R. APP. P. 33.1(b).

*Application*

Nasr did not address error preservation in his principal brief. In his response brief, Whitehead argued, in part, that Nasr failed to preserve error on the three issues presented here, which Nasr disputed in his reply brief. As support, Nasr cited his May 12, 2020 motion to modify and his July 2, 2020 motion to reconsider.

In his May 12, 2020 motion, Nasr stated, in part:

> Due Process requires that the claims contained in [Nasr's second amended petition] be heard and that [Nasr] be able to present evidence, call witnesses, cross examine witnesses, know the opposing evidence, and have a decision based on the evidence presented decided by an unbiased jury regarding these claims. The fundamental requisite of due process of law is the opportunity to be heard. *See Grannis v. Ordean*, 234 U.S. 385, 394, 58 L. Ed. 1363, 34 S. Ct. 779 (1914) *citing Louisville & Nashville R.R. Co. v. Schmidt*, 177 U.S. 230, 236 (1900); *Simon v. Craft*, 182 U.S. 427, 436 (1901). [Nasr] has not been heard on these matters, nor was he given the opportunity to be heard.

The next day, the trial court granted Nasr's motion and, as Nasr requested, vacated and reformed its April 24, 2020 order. After Whitehead moved to reconsider that action, the trial court entered the June 4, 2020 order of dismissal.

In his July 2, 2020 motion to reconsider the June 4, 2020 order of dismissal, Nasr made substantive arguments regarding the scope of the settlement agreement's release, but he did not make any arguments regarding the three issues he now raises in this appeal. Nasr's motion included roughly two pages of alleged facts, three lines that ask the trial court to take judicial notice of the entire contents of its file, and a two-page, five-paragraph argument that begins with a paragraph summarizing the procedural history followed by four paragraphs that state, in their entirety:

> Because the claims in [Nasr's second amended petition] were specifically NOT released by the [settlement agreement] and/or litigated, they could not have—BY DEFINITION—been released and subject to dismissal by this Court on that basis. [The] release in the [settlement agreement] states,
>
> > "provided, however, that the foregoing released matters shall not include claims arising directly from a breach of this Agreement by WHITEHEAD. . . "

The only matters being litigated in [Nasr's second amended petition] are matters arising from [Whitehead's] breach of the [settlement agreement]. On this basis alone, this Court's ruling on May 13, 2020 was just and proper under the law.

On June 2, 2020[,] [Whitehead] filed his own motion to reconsider the Court's granting of [Nasr's] motion to reconsider. Without notice or hearing, on June 4, 2020, the court granted [Whitehead's] motion and entered [the order of dismissal at issue].

In short, [Whitehead] argued, that the [settlement agreement] language dismissed all claims including claims that could have been brought. This argument is misguided and misses the point. The matters being litigated in [Nasr's] Second Amended Petition COULD NOT HAVE BEEN BROUGHT because they relate solely to Defendant's breach of the [settlement agreement]. It is axiomatic that a breach of the [settlement agreement] could not have occurred until after both parties executed the [settlement agreement]. Moreover, [Whitehead] WAS NOT released for claims arising directly from a breach of the [settlement agreement] (see quote *supra*). Again, [Nasr's] Second Amended Petition is attempting to litigate [Whitehead's] breach of the [settlement agreement].

In his reply brief on appeal, in addition to noting that his May 12, 2020 motion included a due process argument, Nasr noted that his July 2, 2020 motion asked the trial court to take judicial notice of its file contents, which, Nasr argued, "means the previous claims of due process in [his May 12, 2020 motion] were attached to and included by reference in [his July 2, 2020 motion]."

We disagree with Nasr's inclusion-by-reference argument because it renders meaningless the requirement that a "timely" and "specific" objection or motion be made with "sufficient specificity to make the trial court aware of the complaint." *See* TEX. R. APP. P. 33.1(a)(1)(A). Based on the record before us, we conclude that Nasr failed to preserve error on the three issues presented on appeal because Nasr

–7–

did not make a timely, specific objection or motion in the trial court with sufficient specificity to make the trial court aware of those issues and because his arguments on appeal do not comport with his argument in the trial court. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Dreyer*, 871 S.W.2d at 698; *Knapp*, 281 S.W.3d at 170.

As reflected in his July 2, 2020 motion, Nasr's only objections to the June 4, 2020 order of dismissal below had to do with the settlement agreement's scope and substantive effect,[7] not procedural matters regarding due process, consent to settle, or the trial court's authority to enter the order. Nasr cannot complain on appeal about different alleged errors in an order that he did not give the trial court a chance to correct. *See* TEX. R. APP. P. 33.1(a)(1)(A).

## III. CONCLUSION

We overrule each of Nasr's issues and affirm the trial court's June 4, 2020 order of dismissal with prejudice.

/Ken Molberg/
KEN MOLBERG
200766f.p05                                        JUSTICE

---

[7] We express no opinion on the settlement agreement's scope or substantive effect here.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL A. NASR, Appellant

No. 05-20-00766-CV     V.

JOHN DAVID WHITEHEAD,
Appellee

On Appeal from the 101st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-03670.
Opinion delivered by Justice
Molberg. Justices Myers and Garcia
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee JOHN DAVID WHITEHEAD recover his costs of this appeal from appellant MICHAEL A. NASR.

Judgment entered this 23rd day of August, 2022.